IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO RIVERA LUGO, | No. 4:25-CV-01781 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| REBECCA DAVIS, | |
| Defendant. | |

MEMORANDUM OPINION

JANUARY 8, 2026

Plaintiff Alfredo Rivera Lugo filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations by an official at Lebanon County Prison. Lugo fails to state a claim upon which relief may be granted, so the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

I.  BACKGROUND

Lugo's complaint is brief and straightforward. He alleges that he was accused of sexual assault, but that the allegations were determined to be "unsubstantiated" following an investigation.[2] Despite being cleared of the sexual

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   Doc. 1 at 2-3.

assault charge, Deputy Warden Rebecca Davis has refused to allow Lugo to return to minimum security housing.³  Lugo contends that he should be returned to his previous custody classification and be permitted to return "to a lower security housing unit."⁴

Lugo lodged the instant Section 1983 complaint in this Court in September 2025⁵ and paid the initial partial filing fee in November.  He maintains that Deputy Warden Davis's actions violate the Eighth Amendment's prohibition of cruel and unusual punishments and infringe his equal protection rights under the Fourteenth Amendment.⁶  He seeks money damages and injunctive relief in the form of being returned to lower security housing.⁷

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.⁸  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"⁹  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to

---

3   *See id.*
4   *Id.* at 3.
5   *See generally* Doc. 1.
6   *Id.* at 3.
7   *Id.*
8   *See* 28 U.S.C. § 1915A(a).
9   *Id.* § 1915A(b)(1).

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[10]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[11] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[12] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[13]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[14] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[15] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[10] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[11] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[12] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[13] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[14] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[15] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[16] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[17] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

Because Lugo proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[19] This is particularly true when the *pro se* litigant, like Lugo, is incarcerated.[20]

### III.   DISCUSSION

As best as the Court can discern, Lugo is asserting an Eighth Amendment conditions-of-confinement claim and a Fourteenth Amendment equal protection claim against Deputy Warden Davis. However, he fails to plausibly allege either type of Section 1983 cause of action. The Court will explain the deficiencies of each claim in turn.

---

[16]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[17]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[18]   *Iqbal*, 556 U.S. at 681.
[19]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[20]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## A.  Eighth Amendment Conditions of Confinement

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[21] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[22]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[23] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[24]  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[25]  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[26]  Deliberate indifference

---

21  *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
22  *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
23  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
24  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
25  *Id.* (citing *Farmer*, 511 U.S. at 834).
26  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[27]

Lugo's conditions-of-confinement claim fails at both elements. First, he has not plausibly alleged a sufficiently serious deprivation. Lugo alleges that his custody classification is too high and that he should be returned to lower security housing because the sexual assault allegations against him were found to be unsubstantiated. He does not, however, allege what his current conditions of confinement entail or how those conditions allegedly violate the constitution. Furthermore, it is well established that inmates "have no constitutional right to a particular [custody] classification."[28] Thus, Deputy Warden Davis's discretionary custody classification of Lugo, in and of itself, provides no basis for a constitutional tort claim.

Second, Lugo fails to plausibly allege how Deputy Warden Davis subjectively acted with deliberate indifference, *i.e.*, how she recklessly disregarded a substantial risk of serious harm to Lugo. As noted above, Lugo does not describe the conditions of his current state of confinement, nor does he plausibly allege that his present custody status deprives him of the "minimal civilized measure of life's

---

[27] *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).
[28] *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (nonprecedential) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)); *Keeling v. Barrager*, No. 4:CV-11-0365, 2014 WL 1338077, at *6 (M.D. Pa. Apr. 3, 2014) ("[I]t is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification." (citations omitted)).

necessities." Accordingly, his complaint lacks a factual basis to conclude that Deputy Warden Davis acted with deliberate indifference to his health or safety. For both reasons, Lugo's conditions-of-confinement claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.

B.     **Fourteenth Amendment Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[29] To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]"[30] An equal protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment."[31]

Lugo's complaint fails to plausibly plead an equal protection violation. He does not allege membership in a protected class and thus appears to be attempting to assert a "class of one" equal protection claim. Nevertheless, he has failed to

---

[29] U.S. CONST. amend. XIV, § 1.
[30] *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).
[31] *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

7

identify others who are similarly situated to him and who received intentionally different treatment by Deputy Warden Davis.  He has also failed to plausibly allege that Deputy Warden Davis had no rational basis for the purportedly different treatment (*i.e.*, his current custody classification and housing assignment).  Thus, he has failed to plausibly plead a class-of-one equal protection claim against her.[32]  So Lugo's Fourteenth Amendment equal protection claim also must be dismissed under Section 1915A(b)(1) for failure to state a claim.

### C.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[33]  Lugo will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim.

If Lugo chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his Section 1983 claim or claims in short, concise, and plain statements, and in

---

[32]    *See Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (nonprecedential) (finding that prisoner failed to state an equal protection claim because he did not "allege facts showing that he was similarly situated to the inmates who received [better medical treatment], or that there was no rational basis for his different treatment.").

[33]    *Grayson*, 293 F.3d at 114.

sequentially numbered paragraphs.  Most importantly, Lugo must address the pleading deficiencies identified in this Memorandum.

Additionally, he must leave one-inch margins on all four sides of his pleading.[34]  Any exhibits or documents he wishes to present should be attached to his amended complaint.  He must also sign the amended complaint and indicate the nature of the relief sought.  If Lugo does not timely file an appropriate amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Lugo's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Lugo may file an amended complaint in accordance with this Memorandum.  If no amended complaint is timely filed, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[34]  *See* LOCAL RULE OF COURT 5.1.

9